## H. T. CROWDUS v. COMMERCIAL BANK.

**Principal and Surety—Release of Surety—Notice to Judgment Creditor to Proceed.**

After notice given a judgment creditor, under sec. 10, ch. 97, R. S., unless proceedings by execution be issued within ten days after such notice, the surety will be released.

**Same.**

The notice must state that the giver of same was a surety, co-surety or co-obligor.

APPEAL FROM MARION CIRCUIT COURT.

October 12, 1870.

OPINION OF THE COURT BY JUDGE WILLIAMS:

At the February term, 1865, of the Marion circuit court the Commercial Bank of Kentucky recovered judgment against James and Henly T. Crowdus for the sum of $6,373.80, with interest and costs, subject to a credit of $794.68, the balance due on a bill of exchange drawn by appellant H. T. Crowdus, accepted by James Crowdus and endorsed to said bank by M. W. Crowdus. At a prior term of the court judgment had been rendered on said bill against the endorser M. W. Crowdus. Upon this judgment execution was regularly issued, and under it, the certain lands of M. W. Crowdus were levied upon and sold, for an amount sufficient to satisfy the judgment. The purchaser executed sale bonds as prescribed by law. Shortly after this sale Bannister brought a suit in equity in the Marion circuit court, alleging that M. W. Crowdus had conveyed certain of his property to Harrigan and others for the purpose of preferring creditors and in contemplation of insolvency, making the Commercial Bank and various

other creditors defendants, and asking to have his estate distributed as provided by the act of the Assembly, approved March 10, 1856. In this action it was adjudged that the conveyance was made to prefer creditors and in contemplation of insolvency and as the levy and sale of the lands taken made the execution in favor of the Bank, were made subsequent to the date of said conveyance. The same were disregarded by the court, and the land sold by its commissioner and the proceeds·adjudged to be distributed among the various creditors who had proven debts against the etsate of said M. W. Crowdus, among whom was the appellant H. T. Crowdus. This judgment having been affirmed by this court, the purchasers at the execution sale made a motion in the circuit court to have their sale bonds cancelled, which was done, and the Bank ordered to pay back to one of them an amount that had been paid on the purchase. Bannister, in the same action, prosecuted against James Crowdus, who it seems had conveyed a portion of his estate for the same·purpose, and with like result. The amount received by the bank out of the property subjected by the court in this proceeding reduced their debt to something under $2,500, and to secure the. judgment of this amount, they brought suit on the 26th of February, 1869, against appellant, setting up all these facts, and that a large amount was due him on account of claims filed against the estates of M. W. and James Crowdus in the proceedings heretofere set out, charging him to be otherwise insolvent and a non-resident, and attaching in the hands of the court's commissioner the amounts due him as aforesaid. Appellant answered, seting up the execution sale of the lands of M. W. Crowdus and claiming that the same extinguished the judgment and released him from all further liability to the bank. Also that he was an accommodation drawer of the bill of echange, and therefore only a surety, and that the bank had failed for more than ten years to issue executions on these two judgments, after the sale had been set aside and the sale bonds cancelled, although twice notified in writing to do so, and that by reason of such failure he was released from further liability.

The court disregarded both these defenses and rendered judgment in accordance with the prayer of appellee and from said judgment this appeal is prosecuted. It is unnecessary to discuss the first ground of defense, as we regard the last as available. Section 10, chapter 97, Revised Statutes, provides that a surety,

co-obligor, or co-contractor, etc., may by notice in writing served on the plaintiff or his attorney, require him to issue execution, and that if he shall not within ten days thereafter sue out execution and in good faith prosecute the collection thereof, "such co-surety," co-obligor, or co-contractor, or defendant shall be discharged from all liability as such, except for the proper share of such co-obligor, co-contractor, or defendant, according to the then existing condition of the several obligors, contractors or defendants." The statute is imperative. The plaintiff must sue out execution or the surety will be released. The testimony of James Crowdus establishes the fact that appellant was an accommodation drawer of the bill of exchange, and therefore only a surety. The notices served upon the president and attorney of the bank gave him this information, and as execution could have been issued upon both, the first and last judgment after the sale bonds were cancelled and the levy and sale set aside. We are of opinion that the failure of the bank to comply with the statute operated as a release of all further liability on the part of appellant. This being true, the judgment so far as it holds appellant responsible to the bank is reversed, and the cause remanded with instructions to dismiss appellees petition.

*Harrison, for appellant.*
*R. & F., for appellee.*